Filed 2/17/26  In re I.E. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| In re I.E., et al., Persons Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E086643 |
| Plaintiff and Respondent, | (Super.Ct.No. DPRI2500167) |
| v. | OPINION |
| R.S., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Malvina Ovanezova, Temporary Judge.  (Pursuant to Cal. Const., art VI, §21.)  Reversed.

Richard L. Knight, under appointment by the Court of Appeal, for Defendant and Appellant.

Minh C. Tran, County Counsel, Jamila T. Purnell and Catherine E. Rupp, Deputy County Counsel for Plaintiff and Respondent.

1

This matter involves conceded inquiry error under California law implementing the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.). (See Welf. & Inst. Code, § 224.2, subd. (b)(2).)[1] In light of the child welfare agency's concession, with which we agree, we vacate the relevant, contrary juvenile court findings bearing on inquiry, as we briefly explain *post*. In all other respects, we affirm the court's findings.

## BACKGROUND

R.S. (Father) filed this appeal following the combined jurisdiction and disposition hearing, at which the juvenile court determined his four children, ranging in age from 3 to 16 years old (collectively, Minors) required the court's dependency protection. (§ 300.) R.E., the children's mother, does not join in Father's appeal. The court sustained jurisdiction as to the couple's daughters—a toddler and a teen—under section 300, subdivisions (b)(1) [failure to protect], (d) [sexual abuse], and (j) [abuse of a sibling], and for the two teen boys under subdivision (b)(1). The court concluded out-of-home placement was necessary for the girls' protection. The court ordered family maintenance and reunification services for the parents.

## DISCUSSION

Father does not contest the foregoing general orders or findings. He contends only that, contrary to other juvenile court rulings concerning ICWA, Riverside County Department of Public Social Services (DPSS) has failed to fulfill its duty to inquire of

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

specific, known, extended maternal and paternal relatives regarding whether Minors may have Native American ancestry. (See § 224.2, subd. (b)(2).) We agree.

By statute, both the juvenile court and the applicable county child welfare department have "an affirmative and continuing duty to inquire" whether a child subject to dependency proceedings may be an Indian child. (§ 224.2, subd. (a); see *In re Dominic F.* (2020) 55 Cal.App.5th 558, 566 (*Dominic F.*); see also § 224.1, subd. (b) [statutory definition of an "Indian child," mirroring the federal definition under ICWA in 25 U.S.C. § 1903(4)].)

The duty of inquiry includes "the obligation to make a meaningful effort to locate and interview extended family members to obtain whatever information they may have as to the child's possible Indian status." (*In re K.R.* (2018) 20 Cal.App.5th 701, 709; see § 224.1, subd. (c)(1) ["Extended family" may vary by tribe but generally includes, as relevant here, the children's grandparents and their parents' siblings.) Our high court has recently explained the importance of the inquiry duty, including contacting extended family members: If " 'inquiry is inadequate at the outset, the likelihood that the opportunity to gather relevant information will present itself later in the proceeding declines precipitously.' " (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1133 (*Dezi C.*).) *Dezi C.* highlighted that, "[a]s required by statute, an adequate initial inquiry that reaches beyond parents to extended family members and others facilitates the discovery of Indian identity, and [thereby] maximizes the chances that potential Indian children are discovered and tribes are notified." (*Id.* at p. 1140.)

When there is "reason to know a child is an Indian child, the juvenile court must find ICWA applies and 'treat the minor as an Indian child unless and until it determines that ICWA does not apply.' " (*Dezi C.*, *supra*, 16 Cal.5th at p. 1133.) In the alternative, the juvenile court may make a finding "that an agency's inquiry and due diligence were 'proper and adequate,' and the resulting record provided no reason to know the child is an Indian child, so ICWA does not apply. (§ 224.2, subd. (i)(2).)" (*Dezi C.*, at p. 1134.)

We review the juvenile court's multiple findings that DPSS's inquiry was proper, adequate, and conducted with due diligence for the court to conclude there is no reason to believe or know Minors are Indian children, and that ICWA therefore "does not apply."

"[T]he juvenile court's fact-specific determination that an inquiry is adequate, proper, and duly diligent is 'a quintessentially discretionary function.' " (*Dezi C.*, *supra*, 16 Cal.5th at p. 1141.) " ' "On a well-developed record, the court has relatively broad discretion to determine whether the agency's inquiry was proper, adequate, and duly diligent on the specific facts of the case. However, the less developed the record, the more limited that discretion necessarily becomes." ' " (*Ibid.*) " ' "When . . . the court's . . . finding that the agency's inquiry was proper, adequate, and duly diligent rests on a cursory record and a patently insufficient inquiry that is conceded, the only viable conclusion is that the finding [that ICWA is inapplicable] is unsupported by substantial evidence and the court's conclusion to the contrary constitutes a clear abuse of discretion." ' " (*Id.* at p. 1134.) So it is here.

DPSS concedes inquiry error as to the maternal relatives—in particular Minors' maternal grandmother and grandfather. DPSS in its respondent's brief acknowledges it

"should have interviewed maternal grandmother as she was reasonably available." Further, DPSS concedes, "The record is also silent as to [its] attempts to interview the maternal grandfather." DPSS represents that it "will correct this oversight by interviewing the grandmother, and by documenting the reasonable efforts taken to interview the maternal grandfather." DPSS argues, however, that "there is no need to reverse the [juvenile court's] ICWA finding [namely, that ICWA and corresponding California law do not apply to Minors] or remand the matter." DPSS says no action is necessary on appeal because "[t]he case remains open, [including for a period of] reunification services, and [its] ICWA duties are ongoing."

We do not agree that the ongoing nature of the dependency means that unsupported juvenile court ICWA findings may remain intact. The juvenile court entered multiple findings in the record stating that DPSS social workers have conducted an adequate ICWA inquiry, and that there is no reason to believe Minors are Indian children within the meaning of ICWA and California law. These findings were erroneous, as DPSS now concedes. This includes findings at the jurisdiction and disposition hearing that: DPSS "conducted a sufficient inquiry regarding whether [Minors] may have Indian ancestry"; "The Indian Child Welfare Act . . . does not apply"; the Minors "are not Indian children" under governing law; and that "proper and adequate further inquiry and due diligence as required have been conducted and there is no reason to know whether [any of the Minors] is an Indian child." We vacate these findings.

As this court has explained, "Before the juvenile court makes a finding that ICWA does not apply, it must 'first ensur[e] that [DPSS] has made an adequate inquiry under

5

ICWA and California law, and if necessary, the court must continue the proceedings and order [CFS] to fulfill its responsibilities.' [Citation.] A juvenile court's finding that ICWA does not apply implies 'that social workers had fulfilled their duty of inquiry.' " (*In re Dominick D*. (2022) 82 Cal.App.5th 560, 567.) The court's ICWA findings are unsupported where there has been no inquiry of the maternal grandmother or grandfather.

DPSS seeks to preserve the juvenile court's due diligence and ICWA rulings at least as they may pertain to its failure to interview Minor's paternal uncle. DPSS justifies this distinction on grounds that Father was born and raised in Nicaragua to parents with Hispanic-sounding surnames, Father attended high school and at least some college there until age 23, and his sisters still live in that country. The record indicates Father is not close with his sisters, but he maintains a relationship with his younger brother, who lives in Perris, California.

Noting ICWA's focus on protecting children's potential membership eligibility in United States-based tribes and indigenous communities (see 25 U.S.C. § 1903(4)), for the future viability of those communities, DPSS argues "there is no feasible way that the ICWA could apply to [Minors] through their paternal relatives." We decline to parse the juvenile court's findings as DPSS now requests. The juvenile court did not do so below and, in light of the necessity of vacating the court's ICWA findings for further inquiry, we see no reason to countenance or encourage DPSS's advisory opinion request. (See *Dezi C.*, *supra*, 16 Cal.5th at p. 1151 [noting that " '[t]he required inquiry here could have been conducted in significantly less time than it took to defend this appeal' "].)

In sum, we vacate the juvenile court's findings that Minors do not come within the provisions of ICWA and that DPSS's ICWA inquiries were proper, adequate, and duly diligent. (Accord, *In re Dominick D.*, *supra*, 82 Cal.App.5th at p. 567.) We otherwise affirm the juvenile court's dispositional findings and orders (*ibid.*), which Father does not challenge apart from his ICWA claim. (See also *In re S.H.* (2022) 82 Cal.App.5th 166, 171 ["when a social services agency accepts its obligation to satisfy its inquiry obligations under ICWA, a reversal of an early dependency order is not warranted simply because a parent has shown that these ongoing obligations had not yet been satisfied as of the time the parent appealed"].) We see no need for conditional reversal of the court's other orders or findings up to and including at the disposition hearing, nor for instructions that Father requests to direct DPSS and the court how to carry out their well-established inquiry duties. (*Ibid.*)

## DISPOSITION

The juvenile court's finding that Minors do not come within the provisions of ICWA is vacated for further inquiry. The juvenile court's findings and orders are affirmed in all other respects.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

                                                        J.

We concur:

McKINSTER _____

                    Acting P. J.

CODRINGTON _____

                    J.

7